UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES VERNON PEYTON,
Petitioner,

vs.

WARDEN, FRANKLIN
MEDICAL CENTER,
Respondent.

Case No. 1:18-cv-684

Bertelsman, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Franklin Medical Center, in Columbus, Ohio,

has filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

(Doc. 1). Petitioner seeks relief from his 2015 Butler County conviction for possession of

marijuana. (Doc. 1, at PageID 5, 7-8, 10). This matter is now before the Court on the petition

(Doc. 1) and respondent's motion to dismiss the petition on the grounds that it contains

unexhausted claims and, alternatively, is time-barred (Doc. 6). Petitioner has filed a response in

opposition to respondent's motion to dismiss (Doc. 7), to which respondent has replied (Doc. 8)

and petitioner has filed a sur-reply (Doc. 11).[1]

For the reasons that follow, it is recommended that the motion to dismiss (Doc. 6) be

**GRANTED** and that the petition (Doc. 1) be **DISMISSED** with prejudice as time-barred. In

light of the undersigned's finding that the petition is time-barred, the undersigned does not reach

respondent's alternative assertion that the petition contains unexhausted claims.

## I.    PROCEDURAL HISTORY

### State Convictions and Sentence

On July 17, 2013, the Butler County, Ohio, grand jury returned an eight-count indictment

charging petitioner with one count of aggravated trafficking in drugs, in violation of Ohio Rev.

---

[1]The document filed at Docket No. 12 appears to be a duplicate of the document filed at Docket 11.

Code § 2925.03(A)(1); six counts of trafficking in drugs, in violation of Ohio Rev. Code § 2925.03(A)(1); and one count of possession of marijuana, in violation of Ohio Rev. Code § 2925.11, with ten forfeiture specifications. (Doc. 5, Ex. 1, at PageID 36-39). A jury found petitioner guilty as charged (Doc. 5, Ex. 4, at PageID 42-44; *see also* Doc. 5, Ex. 10, at PageID 111), and petitioner was sentenced to a total aggregate prison sentence of eight years in the Ohio Department of Corrections (Doc. 5, Ex. 5, at PageID 47).

## Direct Criminal Appeal

Petitioner, through counsel (different than original trial counsel), filed an appeal to the Ohio Court of Appeals on June 15, 2015 (Doc. 5, Ex. 6, at PageID 49), raising the following two assignments of error:

1. The trial court erred to the prejudice of defendant-appellant when it refused to instruct the jury regarding the defense of entrapment.

2. Appellant's conviction for possession of marijuana was against the manifest weight of the evidence and there was insufficient evidence to prove that he had possession of the marijuana.

(Doc. 5, Ex. 7, at PageID 56-57). On January 23, 2017, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (Doc. 5, Ex. 10, at PageID 105-120). Petitioner did not seek further review in the Ohio Supreme Court. (*See* Doc. 1, at PageID 2).

## Rule 26(B) Application to Reopen Direct Appeal

On April 26, 2017, petitioner, through new counsel, filed a delayed application to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B), arguing that appellate counsel was

ineffective for failing to raise the following two assignments of error on direct appeal:

1. The trial court erred in failing to provide the reverse-buy entrapment instruction from [Ohio Rev. Code §] 3719.141(A)(1)(f).

2. The trial court erred in authorizing a reverse-buy prosecution where the defendant holds but does not purchase the drugs.

(Doc. 5, Ex. 11, PageID 121-28).[2] On July 18, 2017, the Ohio Court of Appeals denied the Rule 26(B) application as untimely, and alternatively, on the merits. (Doc. 5, Ex. 14, at PageID 174-78).[3] On December 6, 2017, the Ohio Supreme Court denied further review. (Doc. 5, Ex. 17, at PageID 189).

## II.    FEDERAL HABEAS PROCEEDINGS

On September 27, 2018, petitioner filed the instant habeas petition through new counsel.

The petition contains the following four grounds for relief:

> **Ground One:** Petitioner was denied his right to the effective assistance of counsel as secured to him by the Sixth Amendment to the United States Constitution.
>
> Supporting Facts: Petitioner's trial counsel and appellate counsel failed to effective [sic] raise and request a jury instruction under the reverse-buy statute ([Ohio Rev. Code §] 3719.141) which mandates that the "amount of the control[led] substance sold and the scope of the sale of controlled substance is as limited as possible under the circumstances." In this case, the government violated [t]his law by supplying hundreds of pounds of its own marijuana for petitioner to store in his place of business in exchange for money for the storage only, but did not involve the purchase of any marijuana by the petitioner.
>
> **Ground Two:** Petitioner [was] denied due process of law and fundamental fairness when the trial court refused to give the jury an instruction on the defense of

---

[2]Rule 26(B) applications must be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. Ohio R. App. P. 26(B)(1) and (2).

[3]The state appellate court's alternative merits review of petitioner's Rule 26(B) application did not waive the procedural default occasioned by his untimely filing of the application. *See Seymour v. Walker*, 224 F.3d 542, 557 n.5 (6th Cir. 2000).

entrapment.

Supporting Facts: Petitioner was entitled to a jury instruction on the defense of entrapment because the facts showed that the criminal design for petitioner to store hundred[s] of pounds of marijuana at his place of business originated with government agents, and they implanted in the mind of an innocent person the disposition to commit the alleged offense and induced its commission in order to prosecute the petitioner. Here, the government groomed petitioner to agree to accept a limited bailment of a large amount of the government's marijuana at his place of business in exchange for payment. Further, it was the government that controlled the amount of marijuana that it delivered for storage, and purposely used an extraordinarily large amount of its marijuana in order to increase the seriousness of the criminal offense and dictate the imposition of an 8 year mandatory prison term.

**Ground Three:** The conduct of the government in this case was so outrageous that due process absolutely barred the government from in[v]oking the judicial process to obtain a conviction.

Supporting Facts: The government failed to comply with the limitations of a reverse-buy as set forth in [Ohio Rev. Code §] 3719.141. It was outrageous conduct for government agents to expend its resources to entice a citizen to commit a criminal offense by repeatedly requesting that petitioner accept a limited bailment of a large amount of marijuana owned and possessed by the government in order to facilitate the commission of a criminal offense by petition who was not disposed to otherwise engage in the act of storing marijuana at his placed of business.

**Ground Four:** Petitioner's due process rights were violated when he was convicted of possession of marijuana exceeding 40,000 grams when the state failed to prove the offense beyond a reasonable doubt.

Supporting Facts: The state failed to prove petitioner guilty of possession of marijuana pursuant to [Ohio Rev. Code § ] 2925.11(A) beyond a reasonable doubt. Petitioner was not guilty because he was entrapped by the government. Petitioner should not have been prosecuted because the government failed to comply with [Ohio Rev. Code §] 3719.141. The petitioner never possessed (exercised dominion and control) [over] the marijuana at issue. The marijuana was provided by the government. The amount of marijuana was determined by the government. The marijuana was always under the dominion and control of the government, and the delivery was simply a staged event in which the government would have arrested petitioner if he attempted to use the marijuana.

(Doc. 1, at PageID 5, 7-8, 10).

4

As previously noted, respondent has filed a motion to dismiss the petition, asserting that Grounds Two and Four are unexhausted because they were never presented to the Ohio Supreme Court and, alternatively, that the petition is barred by the applicable one-year statute of limitations governing federal habeas actions by state prisoners, which is set forth in 28 U.S.C. § 2244(d). (Doc. 6). In light of the undersigned's finding that the petition is barred by the statute of limitations, the undersigned does not reach the exhaustion question.

## III. THE MOTION TO DISMISS (DOC. 6) SHOULD BE GRANTED BECAUSE THE PETITION (DOC. 1) IS TIME-BARRED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral review.

There is no evidence in the record to suggest that the provisions set forth in § 2244(d)(1)(B) through (D) apply to petitioner's grounds for relief. Petitioner has not alleged that a state-created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's grounds for habeas relief occurred during the trial and direct appeal proceedings and were either known or discoverable through the exercise of due diligence before the conclusion of direct review. Therefore, petitioner's federal habeas petition is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's convictions became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's convictions became final on March 9, 2017, upon the expiration of the 45-day period for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' January 23, 2017 decision affirming the trial court's judgment of conviction and sentence. *See* Ohio S. Ct. Prac. R. 7.01(A)(1); *see also Keeling v. Warden*, 673 F.3d 452, 460 (6th Cir. 2012) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012)). The statute of limitations began running on March 10, 2017, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a), and expired one year later on March 10, 2018, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman*

*v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.* Further, it is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6 (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 414, 417 (2005)); *Vroman,* 346 F.3d at 603.

A Rule 26(B) application to reopen an appeal is a collateral, post-conviction relief procedure. *Lopez v. Wilson,* 426 F.3d 339, 352 (6th Cir. 2005). Therefore, if "properly filed," a Rule 26(B) application can toll the running of the one-year limitation period. *See* 28 U.S.C. § 2244(d)(2). However, petitioner's Rule 26 application to reopen the appeal did not toll the running of the statute of limitations because the state appellate court found it to have been untimely (Doc. 5, Ex. 14, at PageID 175, 177), rendering it improperly filed for the purpose of tolling the AEDPA limitations period. *See Pace,* 544 U.S. at 417 ("Because the state court rejected petitioner's [post-conviction relief] petition as untimely, it was not 'properly filed,' and hence he is not entitled to statutory tolling under § 2244(d)(2)."). Petitioner is therefore not entitled to statutory tolling on the basis of his Rule 26(B) application and has provided no other

7

basis for statutory tolling.[4]

Furthermore, petitioner does not allege facts demonstrating that equitable tolling is warranted. "Equitable tolling allows courts to review time-barred habeas petitions provided that a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Webb v. United States*, No. 14-5380, 2017 WL 655774, at *5 (6th Cir. Feb. 17, 2017) (quoting *Keeling*, 673 F.3d at 462). "[The] habeas petitioner must establish: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* Equitable tolling is granted "sparingly." *Hall v. Warden,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)). A petitioner "bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Petitioner has failed to show that extraordinary circumstances prevented the timely filing of his habeas petition. Although petitioner asserts that he thought the filing of his untimely Rule 26(B) application tolled the statute of limitations (*see* Doc. 7, at PageID 236-39; *see also* Doc.

---

[4] In *Bronaugh v. Ohio*, 235 F.3d 280 (6th Cir. 2000), the Sixth Circuit determined that an application to reopen a direct appeal under Rule 26(B) of the Ohio Rules of Appellate Procedure was part of the direct appeal process and not a form of postconviction or collateral review. As a result, the statute of limitations for filing a federal habeas petition was tolled for the period of time in which the application was actually pending in Ohio courts, even if the application was not timely filed. Petitioner argues that this aspect of *Bronaugh* was not specifically overruled by the Sixth Circuit in *Lopez* and should apply to toll the statute of limitations in this case. (Doc. 11). The Court disagrees. Petitioner's argument does not address the effect of the Supreme Court's subsequent rulings in *Allen* and *Pace,* which mandate that collateral review applications be "properly filed" before statutory tolling under § 2244(d) applies. "Since *Pace,* statutory tolling of the statute of limitations has not been permitted in cases where the Ohio courts have denied untimely-filed applications for reopening based on the applicant's failure to show "good cause" for the delay in filing." *Hardy v. Moore*, No. 1:06-cv-218, 2007 WL 3232437, at *5 (S.D. Ohio Oct. 31, 2007) (and cases cited therein). Therefore, petitioner's argument is not well-taken.

11, at PageID 255-56), the Sixth Circuit has "repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). *See also Minefee v. Eppinger*, No. 16-3260, 2017 WL 4216583, at *2 (6th Cir. Feb. 16, 2017) (finding that petitioner's mistaken belief that the filing of a Rule 26(B) application prevented the commencement of the one-year limitations period was insufficient to warrant equitable tolling); *Johnson v. United States*, 457 F. App'x 462, 470-71 (6th Cir. 2012) (denying equitable tolling where the petitioner's confusion "was largely caused by his own misunderstanding of the case law surrounding the one-year statute of limitations under AEDPA"); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling."). *But see Dunford v. Tibbals*, No. 3:11-cv-2028, 2013 WL 5726083, at *12-13 (N.D. Ohio Oct. 21, 2013) (finding that the second prong of *Holland* was satisfied where the pro se petitioner, who had otherwise diligently pursued his case, mistakenly believed that his timely Rule 26(B) application was part of the state court's direct review process).

Even assuming, *arguendo*, that petitioner could show that his misunderstanding of the case law governing the treatment of Rule 26(B) applications constituted an extraordinary circumstance under the second prong of *Holland*, he nevertheless has failed to show that he diligently pursued his case as required under the first *Holland* factor. As respondent notes in her motion to dismiss, petitioner did not perfect a timely appeal to the Ohio Supreme Court from the state court of appeals' direct appeal decision and has never filed a delayed appeal pursuant to Ohio S. Ct. Rule 7.01(A)(4). (*See* Doc. 6, at PageID 230).[5] Nor did petitioner file a timely Rule

---

[5]The docket in petitioner's direct appeal, Case No. CA2015-06-112, can be found at

26(B) application to reopen his direct appeal. Furthermore, despite the Ohio Supreme Court denying further review of his Rule 26(B) application in December 2017, petitioner offers no explanation, other than his misunderstanding of the governing law, why he then waited over nine months to file his § 2254 petition.

Petitioner also has not demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). No such showing has been made in this case.

Accordingly, the undersigned concludes that petitioner's federal habeas corpus petition is time-barred. Therefore, the motion to dismiss (Doc. 6) should be **GRANTED** and the petition for a writ of habeas corpus (Doc. 1) should be **DISMISSED** with prejudice. Because the undersigned concludes that dismissal is appropriate on statute-of-limitations grounds, the undersigned does not reach respondent's alterative argument that petitioner failed to exhaust his administrate remedies as to Grounds Two and Four.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED** and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to any of petitioner's time-

---

https://pa.butlercountyclerk.org. This court is permitted to "take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)).

barred claims because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling that such claims are subject to dismissal on statute of limitations grounds.[6]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

8/16/19
Date

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

---

[6]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

JAMES VERNON PEYTON,
    Petitioner,

    vs.

WARDEN, FRANKLIN
MEDICAL CENTER,
    Respondent.

Case No. 1:18-cv-684

Bertelsman, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations. This period may be extended further by the Court on

timely motion for an extension. Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs. A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

12